UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JULIAN PEREZ | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 21-850 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

### ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby submits this its notice of removal in this lawsuit pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3), and would respectfully show the Court as follows:

### I.
#### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

1. This Court has subject matter jurisdiction of this suit based on 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3) because the amount in controversy exceeds $75,000, exclusive of interest and costs and the parties are diverse.

### II.
#### BACKGROUND

2. On August 8, 2021, Plaintiff Julian Perez ("Plaintiff") filed his Original Petition in the 224th Judicial District Court of Bexar County, Texas, Cause Number 2020CI14874, styled *Julian Perez v. Allstate Vehicle and Property Insurance Company*. *See* Exhibit A (Plaintiff's Original Petition); *see also* Exhibit B (proof of service of process).

3. Plaintiff's lawsuit against Allstate arises from property damage to Plaintiff's home. *See* Exhibit A at ¶ 2.

4.   Plaintiff served Allstate with Plaintiff's Original Petition and process on August 11, 2021. *See* Exhibit B.

5.   As against Allstate, Plaintiff asserts causes of action for breach of contract, unfair settlement practices, prompt payment of claims violations, breach of duty of good faith and fair dealing/bad faith, fraud, and other violations of the Texas Insurance Code.  *See* Exhibit A at ¶¶ 9-12.

6.   The State Court's Record Search including Case History for this matter is attached hereto.  *See* Exhibit C

### III.
### ARGUMENTS AND AUTHORITIES

**A. Diversity in Citizenship**

   i.   *Plaintiffs' Citizenship*

7.   Plaintiff is a natural person who reside in Bexar County, Texas. *See* Exhibit A, ¶ 1. Plaintiff has not pled any other facts of residency, intention to leave Texas, or domiciles in other States.  *Id.*  Accordingly, Allstate asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

   ii.   *Allstate's Citizenship*

8.   Citizenship of an unincorporated association is determined by the citizenship of its members.  See U.S.C. § 1332(a).  Defendant, Allstate is a foreign corporation incorporated under the laws of the state of Illinois and its principal place of business is in Cook County, Illinois, located at 2775 Sanders Road, Northbrook, Illinois 60062, and is therefore a citizen of Illinois.

### B. Amount in Controversy

9. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he will not be able to recover more than the damages for which he has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

### i. It is facially apparent from the Petition that the claim likely exceeds $75,000

11. If a plaintiff's complaint includes a specific amount of damages, that amount will determine the amount in controversy for diversity jurisdiction so long as the plaintiff claimed it in good faith. *YNR LLC Series O v. State Farm Lloyds, Inc.*, EP-17-CV-313-DB, 2017 WL 6065340, at *3 (W.D. Tex. Dec. 6, 2017).

12. Here, Plaintiff's petition includes a specific limit on the amount of damages—"a sum less than $100,000.00." Exhibit A, at ¶ 4. Thus it is facially apparent that amount in controversy meets the requirement set forth in 28 U.S.C. § 1332. However, even if it is determined that is not facially apparent from the petition that Plaintiff's claims likely exceed $75,000.00, the facts in controversy support a finding that Plaintiff's claims likely exceed that amount.

### ii. Additional Evidence of the Amount in Controversy

13. The Court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Fifth Circuit Courts have considered "pre-suit demand letters as such evidence in determining whether the Defendants have met the preponderance burden" in showing that the amount in controversy exceeds the jurisdiction threshold. *See Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910-12 (5th Cir. 2002)(per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Berlin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008).

14. Here, the Plaintiff sent Allstate a demand on December 12, 2019. *See* <u>Exhibit D</u>. Therein, Plaintiff claimed actual damages in the amount of $27,179.55 and attorney's fees in the amount of $2,205.00 "to date." (*id.* at p. 2 [highlights added]). Plaintiff demand stated that should Allstate not settle Plaintiff's demand, Plaintiff expected to recover "actual damages, along with additional damages, all available punitive damages, prejudgment interest, penalties costs, and attorney's fees." *Id.* at p. 3 (highlights added).

15. In that demand, and iterated in his Petition, Plaintiff brings causes of action alleging Allstate violated provisions of Chapter 541 of the Texas Insurance Code. *See id.* at p. 2; <u>Exhibit A</u> at ¶¶ 39-44). Further, in his Petition, Plaintiff alleges that Allstate's actions were done "knowingly" as defined by the Texas Insurance Code. Exhibit A, at ¶55. By that allegation, Plaintiff pleads for "three times [his] actual damages" as permitted by Section 541.152 of the Texas Insurance Code. *Id.* at 59.

16. Taking into consideration Plaintiff's pleading, Plaintiff's demand letter, and the evidence used in support of Plaintiff's demand letter, it is clear that the amount in controversy exceeds $75,000.00. Plaintiff's demands $27,179.55 in actual damages—trebling that would total $81,538.65. Adding attorney's fees—which Plaintiff states will only increase during litigation—the jurisdictional threshold is clearly exceeded.

### III.
### REMOVAL IS PROCEDURALLY PROPER

17. This notice of removal is timely filed within thirty (30) after receipt of Plaintiff's Original Petition pursuant to 28 U.S.C. § 1446(b)(1).

18. Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

19. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

20. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the Clerk of Bexar County District Court.

### IV.
### INDEX OF MATTERS FILED

21. Pursuant to 20 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with this notice of removal the following attachments, which are incorporated herein by reference:

- Civil Cover Sheet
- Supplement to JS44 Civil Cover Sheet
- <u>Exhibit A</u>:    Plaintiff's Original Petition
- <u>Exhibit B</u>:    Executed process to Allstate

- <u>Exhibit C</u>:    State Court Record Search

- <u>Exhibit D</u>:    True and correct copy of Plaintiff's demand letter

WHEREFORE, Defendant, Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

 /s/  *Christopher M. Karl*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Christopher M. Karl**
State Bar No. 24070035
ckarl@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this 7th day of September 2021.

Cristobal M. Galindo
CRISTOBAL M. GALINDO, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
StormChase@galindolaw.com
*Counsel for Plaintiff*

                                                */s/ Christopher M. Karl*
                                                **Christopher M. Karl**